UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE:

DOUG LONGHINI, an Individual

    Plaintiff,

v.

GREEN DIVERSIFIED, LTD, d/b/a DADELAND
WEST OFFICE PARK, a Florida Limited Partnership,
DWOP IV, LLC, a Florida Limited Liability Company,
SHOWPLACE OF KENDALL, LLC, a Florida Limited Liability Company, and
10621 INVESTMENTS, LLLP, a Florida Limited Partnership,

    Defendant.
_____/

## COMPLAINT

Plaintiff, DOUG LONGHINI, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues, GREEN DIVERSIFIED, LTD, d/b/a DADELAND WEST OFFICE PARK, a Florida Limited Partnership, DWOP IV, LLC, a Florida Limited Liability Company, SHOWPLACE OF KENDALL, LLC, a Florida Limited Liability Company, and 10621 INVESTMENTS, LLLP, a Florida Limited Partnership (hereinafter "Defendants"), and as grounds allege:

JURISDICTION, PARTIES. AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331 and 1343.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

3. Plaintiff, DOUG LONGHINI, is an individual over eighteen years of age, residing and domiciled in Florida, and is otherwise *sui juris.*

4. At all times material, Defendant, GREEN DIVERSIFIED, LTD, d/b/a DADELAND WEST OFFICE PARK, was and is a Florida Limited Partnership, with its principal place of business in Miami-Dade County, Florida with its principal place of business, agents and/or offices in Miami, Florida.

5. GREEN DIVERSIFIED, LTD has registered its d/b/a or "fictitious name", DADELAND WEST OFFICE PARK, with the State of Florida.

6. At all times material, Defendant, GREEN DIVERSIFIED, LTD, owned a commercial plaza properties and buildings registered in Miami-Dade County under folio numbers 30-4032-025-0010, 30-4032-025-0050, and 30-4032-025-0060 which are all located in Miami, Florida.

7. The commercial plaza properties and buildings owned by GREEN DIVERSIFIED, LTD is comprised of at least three (3) buildings and with respectively listed street addresses of 10661 SW 88th Street, Miami, Florida 33156, 10625 SW 88th Street, Miami, Florida 33156, and 10681 SW 88th Street, Miami, Florida 33156.

8. At all times material, Defendant, DWOP IV, LLC, was and is a Florida Limited Liability Company, with a principal place of business in Miami-Dade County, Florida with agents and/or offices in Miami, Florida.

9. At all times material, Defendant, DWOP IV, LLC, owned a commercial plaza property and building registered in Miami-Dade County under folio number 30-4032-025-0040, which is located in Miami, Florida.

10. The commercial plaza property and building owned by DWOP IV, LLC, is comprised

of at least one (1) building, with listed street address of 10631 SW 88th Street, Miami, Florida 33156.

11. At all times material, Defendant, SHOWPLACE OF KENDALL, LLC, was and is a Florida Limited Liability Company, with a principal place of business in Miami-Dade County, Florida with agents and/or offices in Miami, Florida.

12. On or about December 5th, 2007, SHOWPLACE OF KENDALL, LLC, took, over, purchased and otherwise took possession of all shares of stock/ownership, property and real property of SHOWPLACE OF KENDALL, INC.

13. At all times material, Defendant, SHOWPLACE OF KENDALL, LLC, owned a commercial plaza property and building registered in Miami-Dade County under folio number 30-4032-025-0020, which is located in Miami, Florida.

14. SHOWPLACE OF KENDALL, INC. is now defunct and has been voluntarily administratively dissolved or its ownership and managing members have otherwise allowed it to be dissolved.

15. Those assets, to include all real property, that belonged to SHOWPLACE OF KENDALL, INC. at the time of its business merger with SHOWPLACE OF KENDALL, LLC, now belong to SHOWPLACE OF KENDALL, LLC.

16. The commercial plaza property and building owned by SHOWPLACE OF KENDALL, LLC, is comprised of at least one (1) building, with listed street address of 10651 SW 88th Street, Miami, Florida 33156.

17. At all times material, Defendant, 10621 INVESTMENTS, LLLP, a Florida Limited Partnership, with a principal place of business in Miami-Dade County, Florida with agents and/or offices in Miami, Florida.

18. At all times material, Defendant, 10621 INVESTMENTS, LLLP, owned a commercial plaza property and building registered in Miami-Dade County under folio number 30-4032-025-0030, which is located in Miami, Florida.

19.     The commercial plaza property and building owned by 10621 INVESTMENTS, LLLP, is comprised of at least one (1) building, with listed street address of 10621 SW 88th Street, Miami, Florida 33156.

20.     All Defendants and the real properties described above hold themselves out to the public collectively as the "Dadeland West Executive Park," and the Defendants will be referred to as "Dadeland West Executive Park."

21.     Venue is properly located in the Southern District of Florida because all Defendants' properties that are the subject of this Action, are located in Miami County, Florida, and Defendants regularly conduct business within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to this claims occurred in Miami, Florida at the real properties mentioned above.

## FACTUAL ALLEGATIONS

22.     Although nearly twenty years have passed since the effective date of Title III of the ADA, Defendant has yet to make its facilities accessible to individuals with disabilities.

23.     Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' business.

24.     The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance

25.     Plaintiff, DOUG LONGHINI, is an individual with disabilities as defined by and pursuant to the ADA. DOUG LONGHINI uses a wheelchair to ambulate. DOUG LONGHINI has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist. He also has a great deal of trouble walking or otherwise

ambulating without the use of a wheelchair. He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

26. Defendants, own and operate businesses whose the properties (again collectively Dadeland West Executive Park) are located in Miami, Florida that are the subject of this Action. The subject properties and plaza are open to the public, contain a myriad of different businesses that pay them rent and are all located in Miami, Florida.

27. The individual Plaintiff visits the Dadeland West Executive Park plaza and tenant businesses regularly (in each of the individual Defendants' respective buildings, including their related parking lots and common areas), to include visits to the property on or about May 24th, 2016 and May 26th, 2016 and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the property. He plans to return to and often visits the properties and businesses, in order to avail himself of the goods and services offered to the public at the businesses, if the properties/businesses becomes accessible.

28. Plaintiff visited the properties and businesses located within the real properties as a patron/customer, and intends to return to the properties in order to avail himself of the goods and services offered to the public at the properties. Plaintiff is domiciled near the businesses, in the same county and state as the property, has regularly frequented the Defendants' properties, the Dadeland West Executive Park, for its intended purposes, and intends to return to the properties within four (4) months' time.

29. The Plaintiff found the properties listed above that comprise the Dadeland West Executive Park, to be rife with ADA violations. The Plaintiff encountered architectural barriers at the subject properties and the businesses being operated on them, and wishes to continue his patronage and use of each of the premises.

30. The Plaintiff, DOUG LONGHINI, has encountered architectural barriers that in violation of the ADA, at the properties. The barriers to access at Defendants'

properties, businesses and their tenants businesses have each denied or diminished Plaintiff's ability to visit each of the properties and businesses and likewise endangered his safety. The barriers to access, which are set forth below, have accordingly posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, DOUG LONGHINI, and others similarly situated.

31. Defendants own, and operate, places of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The places of public accommodation (the business property that are the subject of this Action for their violations of the ADA) that Defendants, individually, own and operate, are the businesses and real properties referenced above and held out to the public collectively under the unregistered fictitious name of the Dadeland West Executive Park.

32. Plaintiff, DOUG LONGHINI, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described real properties and businesses, but not necessarily limited to the allegations in Paragraph 34 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the real properties and businesses open to the public in violation of the ADA. Plaintiff desires to visit the properties, not only to avail himself of the goods and services available at the properties, but to also assure himself that these properties are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the properties without fear of discrimination.

33. Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the properties the businesses thereon, in a manner prohibited by 42 U.S.C. § 12182 et seq.

34. Defendants have discriminated, and continue to discriminate, against Plaintiff

in violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the properties and Defendants' businesses, include, but are not limited to, the following:

### A. **Parking**

1. The Plaintiff had difficulty exiting the vehicle as the designated parking space access aisle was located on an excessive slope. Violation: Some of the disabled use access aisles are located on a slope in violation of Sections 4.6.3 and 4.6.6 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

2. The Plaintiff had difficulty exiting the vehicle as the designated parking space was located on an excessive slope. Violation: Some of the disabled use spaces are located on a slope in violation of Section 4.6.3 and 4.6.6 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

3. The Plaintiff had difficulty traversing the path of travel as it was not continuous and accessible. Violation: There is no accessible routes from the public sidewalks, bus stops and between the buildings.  These are violations of the requirements in Section 4.3.2 of the ADAAG and Section 206.2.2 of the 2010 ADA Standards, whose resolution is readily achievable.

4. The Plaintiff had difficulty exiting the vehicle as the required access aisle is not provided. Violation: There are disabled use spaces that do not have clear and level access aisles provided, violating Sections 4.1.2, and 4.6.3 of the ADAAG, whose resolution is readily achievable.

5. The Plaintiff had difficulty locating an accessible parking space as there was not enough provided. Violation: There are an insufficient number of spaces designated for disabled use, violating Sections 4.1.2 and 4.6.1 of the ADAAG, whose resolution is readily achievable.

### B. **Entrance Access and Path of Travel**

1. There are elevator buttons provided at the facility are mounted at non-compliant heights and do not comply with the standards prescribed in Section 4.10 of the ADAAG, whose resolution is readily achievable.

2. There are stairs provided at the facility that have open risers prescribed in Section 4.9 of the ADAAG, whose resolution is readily achievable.

   3) There are stairs provided at the facility that do not comply with the standards prescribed in Sections 4.9 and 4.26 of the ADAAG and Sections 504.6 and 505 of the 2010 ADA Standards, whose resolution is readily achievable.

   4) The Plaintiff had difficulty using some of the curb ramps as the slopes were excessive. Violation: There are curb ramps at the facility that contain excessive slopes or cross slopes in violation of Sections 4.7.2 and 4.7.5 of the ADAAG and Sections 406.1 and 405.2 of the 2010 ADA Standards, whose resolution is readily achievable.

   5) The Plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Section 4.3.8 of the ADAAG, whose resolution is readily achievable.

   6) The Plaintiff had difficulty traversing the path of travel as there are non-compliant slopes present. Violation: The path of travel contains excessive slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

**C.**    <u>**Access to Goods and Services**</u>

   1. The Plaintiff could not utilize the tables for their intended use as the tables did not provide the required knee clearance. Violation: The tables do not provide the required knee height and/or depth ranges in violation of Section 4.32.3 of the ADAAG and Section 226.1 of the 2010 ADA Standards, whose resolution is readily achievable.

   2. The Plaintiff could not use some of the counters as they are mounted too high. Violation: There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG and Sections 227.3 and 904.4 of the 2010 ADA Standards, whose resolution is readily achievable.

**D.**    <u>**Public Restrooms**</u>

   1. The Plaintiff could not use the paper towel dispenser without assistance as it was mounted too high. Violation: There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Section 4.27 of the ADAAG and Sections 308.2 and 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

   2. The Plaintiff could not use the mirror as it was mounted too high. Violation: The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

   3. The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes were not wrapped. Violation: The lavatory pipes were not fully wrapped or

maintained in violation of Sections 4.19 and 36.211 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

4. The Plaintiff had difficulty using the urinal as it was mounted too high. Violation: There are urinals provided for public use that do not comply with the standards set forth in Section 4.18 of the ADAAG and Sections 605.2 and 309 of the 2010 ADA Standards, whose resolution is readily achievable.

5. The Plaintiff could not use the grab bars without assistance as the dispenser is mounted over the side grab bar obstructing its use. Violation: There are items mounted over the grab bars obstructing their use and in violation of Section 4.17 of the ADAAG and Sections 604.7 and 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

6. The Plaintiff could not flush the toilet without assistance as the flush valve was not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG and Sections 604.6 and 309 of the 2010 ADA Standards, whose resolution is readily achievable.

7. The Plaintiff could not close the stall door as it was not self-closing and did not have required door hardware. Violation: The stall door does not provide the required stall door hardware in violation of Sections 604.8.1.2, 404.2.7 and 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

8. The Plaintiff had difficulty using the side grab bar as it was mounted too far from the wall. Violation: The grab-bars in the toilet room stalls do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG and Sections 604.5.1 and 609 of the 2010 ADA Standards, whose resolution is readily achievable.

9. The Plaintiff could not use the toilet stall without assistance as the required turning space is not provided: Violation: The toilet stalls provided for public use at the facility are in violation of Section 4.17 of the ADAAG and Section 604 of the 2010 ADA Standards, whose resolution is readily achievable.

10. The Plaintiff could not exit the restroom without assistance as the required maneuvering clearance was not provided. Violation: The restroom does not provide the required latch side clearance violating Sections 4.13.6 and Figure 25 of the ADAAG, and Section 404.2.4.1 and table 404.2.4.1 whose resolution is readily achievable.

11. The Plaintiff could not enter the restroom stall without assistance as the required maneuvering clearance was not provided. Violation: The restroom does not provide the required latch side clearance violating Sections 4.13.6 and Figure 25 of the ADAAG, and Section 404.2.4.1 and table 404.2.4.1 whose resolution is readily achievable.

      12. There are permanently designated interior spaces without proper signage in violation of Section 4.1.2 and 4.30 of the ADAAG and Sections 703.4.1 and 703.4.2 of the 2010 ADA Standards, whose resolution is readily achievable.

35. The discriminatory violations described in Paragraph 34 are not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, DOUG LONGHINI, from further ingress, use, and equal enjoyment of the plaza property and businesses located within the Dadeland West Executive Park; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.

36. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants, Defendants' buildings, businesses and facilities; and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff require an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

37. Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make

reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

38. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

39. A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff require an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

40. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

41. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the properties where the Defendants operate their businesses, that are located at Dadeland West Executive Park, that the individual Defendants own and operate, are the businesses located in Miami, Florida, the interiors, exterior areas, and the common exterior areas of the properties to make those facilities readily accessible

and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cures their violations of the ADA.

WHEREFORE, the Plaintiff, DOUG LONGHINI, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants at the commencement of the subject lawsuit were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: August 17th, 2016

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
4937 S.W. 74th Court, No. 3
Miami, FL 33155
Telephone:  (305) 553-3464
Facsimile:  (305) 553-3031
Primary E-Mail:   ajperezlaw@gmail.com
Secondary E-Mails:ajperez@gmplaw.com,
   agmlaw@bellsouth.net and
   agarciamenocal@gmplaw.com

By: ___/s/ Anthony J. Perez_____
ANTHONY J. PEREZ

Florida Bar No.: 535451
ALFREDO GARCIA-MENOCAL
Florida Bar No.: 533610